UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERT W. DECKER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-05-39 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION & ORDER**

Pending before the Court is Petitioner Robert W. Decker's Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [2255 Motion]. [Dkt. No. 1]. Upon due consideration of the pleadings, the record and the relevant case law, the Court DENIES Petitioner's 2255 Motion.

**I.    Procedural Background**

On February 27, 2004, Petitioner was sentenced to 114 months imprisonment and three years supervised release pursuant to a plea agreement. [Case No. 5:00-cr-1093, Dkt. No. 54]. Final judgment was entered against Petitioner on March 3, 2004. [Case No. 5:00-cr-1093, Dkt. No. 55]. On March 5, 2004, Petitioner filed a Motion for Reconsideration of Sentence. [Case No. 5:00-cr-1093, Dkt. No. 56]. Petitioner's Motion was denied on March 8, 2004. [[Case No. 5:00-cr-1093, Dkt. No. 57]. Petitioner did not file an appeal. On March 7, 2005, Petitioner filed this 2255 Motion with the Court. [Dkt. No. 1].

**II.    Discussion**

Petitioner asserts several grounds, which he claims entitled him to a reduction in sentence. Petitioner fails to cite case law except for a fugitive reference to "BOOKER,

FANFAN and BLAKEY [sic]." Not surprisingly, Petitioner's arguments are not disciplined to general legal practice. However, because pro se litigants are entitled to liberal construction that includes all reasonable inferences, the Court has attempted to rehabilitate Petitioner's claims. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

As best as the Court can determine, Petitioner raises seven bases for 2255 relief. First, Petitioner claims that he was not given a sentence reduction, to which he claims he is entitled, for substantial assistance to authorities under the UNITED STATES SENTENCING GUIDELINES MANUAL § 5K1.1 (2000). Second, Petitioner claims that the additional conditions of his supervised release constitute "further incarceration." Petitioner argues that because his supervised release is actually imprisonment, his sentence violates the maximum penalty prescribed by statute. Third, Petitioner argues that the presentence report contained unconstitutional enhancements. Fourth, Petitioner argues that the plea agreement was not knowing because the plea agreement document was inconsistent with the agreement to which he orally assented. Fifth, Petitioner claims that his sentence was improperly enhanced by convictions more than ten years old. Sixth, Petitioner argues that his attorneys failed to keep him adequately informed of the proceedings in his case and that his trial counsel was ineffective because they were unprepared, and they did not zealously represent him. Finally, Petitioner claims that he was not "coherent" when he made his decision to plea and not competent when he pled guilty.

While at a glance some of Petitioner's claims seem nonfrivolous, there is no lucre in such an enterprise. Generally, a petitioner cannot assault his sentence with challenges not raised on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). For a petitioner to successfully attack his sentence with an issue raised for the first time on collateral review, either the petitioner must show cause for his procedural default and actual prejudice resulting from the error, or the

petitioner must prove actual innocence. *Id*. at 622. Petitioner has failed to allege any cause for not raising these claims on appeal. In fact, it should be noted that Petitioner waived his right to appeal. [Case No. 5:00-cr-1093, Dkt. No. 29]. Also, Petitioner does not claim that he is actually innocent of any of the counts for which he was sentenced. *See United States v. Young*, 77 F.App'x 708 (5th Cir. 2003). Accordingly, Petitioner's claims are procedurally barred. Because Petitioner's claims are procedurally barred, the Court DENIES Petitioner's Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

    IT IS SO ORDERED.

    DONE this 16th day of May in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE